FILED ___  ENTERED ___  RECEIVED ___  SERVED ON COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DAVID V. GALLERON and DARLEEN GALLERON,

    Plaintiffs,

v.

MANN MORTGAGE, LLC, et al.,

    Defendants.

3:11-cv-730-RCJ-WGC

**ORDER**

Currently before the Court is Citimortgage, Inc.'s Motion to Dismiss (#9). The Court heard oral argument on March 19, 2012.

## BACKGROUND

**I.  Facts**

Plaintiffs David V. Galleron and Darleen Galleron (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 11500 Campo Rico Lane, Sparks, Nevada, which was recorded in Washoe County on January 25, 2008. (Deed of Trust (#9-1) at 2-3, 5). The mortgage, dated January 23, 2008, was for $580,000. (*Id.* at 3). The lender on the deed of trust was Mann Mortgage, LLC. (*Id.*). The trustee on the deed of trust was Stewart Title of Nevada. (*Id.*). The Mortgage Electronic Registration System, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On June 28, 2011, MERS, as a nominee for Mann Mortgage, executed an assignment

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. See *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

of mortgage and transferred the mortgage to CitiMortgage, Inc. (Assignment of Mortgage (#9-2) at 2-3).

On July 13, 2011, Citimortgage, Inc. executed and notarized a substitution of trustee that replaced Cal-Western Reconveyance Corporation as the trustee for Stewart Title of Nevada. (Substitution of Trustee (#17-1) at 2-3).

On August 26, 2011, Cal-Western Reconveyance Corporation, through its agent First American Title Todd Brachtenbach, executed and recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#9-3) at 2-3). The notice of default named Cal-Western Reconveyance as the substituted trustee. (*Id.* at 2). The notice of default identified the breach of obligations as "[f]ailure to pay the monthly payment due March 1, 2011 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust." (*Id.*).

II. **Complaint**

In October 2011, Citimortgage, Inc. filed a petition for removal and attached Plaintiff's 51-page complaint from the Second Judicial District. (Pet. for Removal (#1); Compl. (#1-2)). In the complaint, Plaintiffs sued Mann Mortgage, LLC; Stewart Title of Nevada; Cal-Western Reconveyance Corporation; Citimortgage, Inc.; First American Title; and Todd Brachtenbach (collectively "Defendants"). (Compl. (#1-2) at 2). Plaintiffs' complaint alleged nine causes of action for: (1) debt collection violations; (2) violation of unfair and deceptive trade practice act; (3) violation of unfair lending practices, NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title action; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (*Id.* at 24-47). Plaintiffs sought declaratory relief, reformation, and quiet title. (*Id.* at 49-50).

On October 27, 2011, this Court approved a stipulation between Plaintiffs and Cal-Western Reconveyance stating that Cal-Western agrees to be bound by whatever final order or final judgment the Court will issue relating to the deed of trust and shall not be subject to any monetary awards for damages, attorneys' fees, or costs. (Order (#12) at 4). The

1  stipulation also stated that Cal-Western would not have to further participate in this litigation.
2  (*Id.*).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; see *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do." *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Citimortgage filed a motion to dismiss all causes of action stated in the complaint. (Mot. to Dismiss (#9) at 4-13).[2] Plaintiffs filed an opposition and Citimortgage filed a reply. (Opp'n to Mot. to Dismiss (#15); Reply to Mot. to Dismiss (#17)).

The Court dismisses the first cause of action for debt collection violations without leave to amend. Pursuant to NRS § 649.370 a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)).

The Court dismisses the second cause of action for violations of unfair and deceptive

---

[2] Cal-Western filed a joinder to this motion. (Joinder (#11)).

trade practice act without leave to amend. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses without leave to amend.

The Court dismisses the third cause of action for unfair lending practices without leave to amend because Citimortgage was not the original lender in this case. See Nev. Rev. Stat. § 598D.100(1).

The Court also dismisses the seventh cause of action for fraud in the inducement and through omission because Plaintiffs do not allege that Defendants made any false statements about the terms of the deal and, thus, fail to state a claim for fraud. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b). Therefore, the Court dismisses this cause of action without leave to amend.

The Court dismisses the fourth cause of action for violations of the covenant of good faith and fair dealing, the eighth cause of action for slander of title, and the ninth cause of action for abuse of process without leave to amend because Plaintiffs defaulted on their mortgage payments.

The Court denies the motion to dismiss the fifth cause of action for statutory defective foreclosure under NRS § 107.080 and the sixth cause of action for quiet title. On August 26, 2011, First American Title, as purported agent of Cal-Western Reconveyance, executed and recorded the notice of default and election to sell. (See Notice of Default (#9-3) at 2-3). Although Cal-Western Reconveyance is a properly substituted trustee, there is nothing in the record demonstrating that First American Title had the authority to act as Cal-Western's agent

and execute the notice of default.  As such, the Court denies the motion to dismiss the fifth and sixth claims at this time.  On motion for summary judgment, Defendants should provide evidence that First American Title had the agency authority to act on behalf of Cal-Western Reconveyance.

Accordingly, the Court grants in part the motion to dismiss (#9) claims 1, 2, 3, 4, 7, 8, and 9 and denies in part the motion to dismiss claims 5 and 6.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#9) is GRANTED in part as to claims 1, 2, 3, 4, 7, 8, and 9, and DENIED in part as to claims 5 and 6.

DATED: This 11th day of May, 2012.

_____
United States District Judge