UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID V. GALLERON and DARLEEN GALLERON, <br><br> Plaintiffs, <br><br> v. <br><br> MANN MORTGAGE, LLC, et al., <br><br> Defendants. | 3:11-cv-730-RCJ-WGC <br><br> **ORDER** |

This is a foreclosure-avoidance suit brought by plaintiffs David and Darleen Galleron. The plaintiffs' complaint listed nine causes of action. The Court previously granted in part CitiMortgage, Inc.'s motion to dismiss (#9) as to claims (1), (2), (3), (4), (7), (8), and (9) and denied in part the motion to dismiss claims (5), violation of NRS § 107.080, and (6), quiet title. (Order (#20)). Currently before the Court is CitiMortgage, Inc.'s motion for summary judgment (#21) on claims (5) and (6), which Cal-Western Reconveyance Corporation later joined. (Joinder (#22)). For the reasons stated below, the motion for summary judgment (#21) is DENIED.

**BACKGROUND**

Plaintiffs David V. Galleron and Darleen Galleron (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 11500 Campo Rico Lane, Sparks, Nevada, which was recorded in Washoe County on January 25, 2008. (Deed of Trust (#21-1) at 2-3, 5). The mortgage, dated January 23, 2008, was for $580,000.00. (*Id.* at 3). The lender on the deed of trust was Mann Mortgage, LLC. (*Id.*). The trustee on the deed of trust was Stewart Title of Nevada. (*Id.*). Mortgage Electronic Registration Systems, Inc. ("MERS")

was named as "a nominee for the Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On June 28, 2011, MERS, as nominee for Mann Mortgage, executed an assignment of mortgage and transferred the mortgage to CitiMortgage, Inc. ("CMI"). (Assignment of Mortgage (#21-2) at 2-3).

On July 13, 2011, CMI executed and notarized a substitution of trustee that replaced Cal-Western Reconveyance Corporation (known herein as either "Cal-Western" or collectively with CMI as "Defendants") as the trustee for Stewart Title of Nevada. (Substitution of Trustee (#21-3) at 2-3).

On August 26, 2011, Todd Brachtenbach of First American Title ("First American") executed and recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#21-5) at 7-8). The notice of default named Cal-Western as the substituted trustee and claimed that First American was acting as agent of Cal-Western. (*Id.*). The notice of default identified the breach of obligations as "[f]ailure to pay the monthly payment due March 1, 2011 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust." (*Id.* at 7).

In October 2011, CMI filed a petition for removal and attached Plaintiffs' 51-page complaint from the Second Judicial District. (Pet. for Removal (#1); Compl. (#1-2)). On October 26, 2011, CMI filed a motion to dismiss for failure to state a claim, later joined by Cal-Western, and on May 11, 2012 the Court dismissed claims (1), (2), (3), (4), (7), (8) and (9). (Mot. to Dismiss (#9); Joinder (#11); Order (#20)). Claim (5) for violation of NRS § 107.080 and claim (6) for quiet title were retained because Defendants did not provide the Court documentation demonstrating that First American had the authority to act as Cal-Western's agent and execute the notice of default. (Order (#20) at 5-6).

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB,* 2009 WL 3617650, at *2 (D. Nev. 2009).

2

1    CMI filed a motion for summary judgment on May 18, 2012, (Mot. for Summ. J. (#21)), which Cal-Western later joined, (Joinder (#22)). In the motion for summary judgment, CMI provided this Court an affidavit, signed by Lorrie Womack, Assistant Vice President of Cal-Western, which claims that First American is an authorized agent to "record Notices of Default and foreclosure documents in the State of Nevada on behalf of CAL-WESTERN RECONVEYANCE CORPORATION . . . and begin the foreclosure process on the . . . Property and Note." (Womack Aff. (#21-4) at 2). On June 9, 2012, Plaintiffs filed a response to the motion for summary judgment. (Response (#24)). On June 22, 2012, Defendants filed a reply to Plaintiffs' response (#24) to summary judgment. (Reply (#27)).

In determining Defendants' motion for summary judgment (#21), the Court considers Plaintiffs' claims (5), violation of NRS § 107.080, and (6), quiet title.

## LEGAL STANDARD

The purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Under the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

When presented with a motion for summary judgment, the court employs a burden-shifting analysis. When the moving party would bear the burden of proof at trial, it must present evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In such circumstances, "the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.* In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to

negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.,* 477 U.S. at 324. When considering a summary judgment motion, a court may examine "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson,* 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But, if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

## DISCUSSION

To demonstrate that First American had the authority to act as Cal-Western's agent and execute the notice of default, Defendants have presented an affidavit, signed by Lorrie Womack, Assistant Vice President of Cal-Western, in which she claims that First American is an agent of Cal-Western. (Womack Aff. (#21-4) at 2). No documentation has been provided establishing this agency relationship and Defendants solely rely on this affidavit to establish First American's authority.

The Womack affidavit alone is insufficient to establish that First American had authority to execute the notice of default. The Womack affidavit fails to provide any details regarding the alleged agency relationship, such as when the relationship started, whether it was nation-wide or limited to a specific geographic area, or whether it was written or oral. More importantly, the Womack affidavit fails to sufficiently describe the scope of First American's agency authority. The affidavit merely provides that First American had authority to record notices of default to initiate foreclosure, but nowhere does it provide that First American had the authority to actually execute the notice of default itself. As Defendants have failed to establish that First American had the authority to execute the notice of default, Defendants' motion for summary judgment on claims (5), violation of NRS § 107.080, and (6), quiet title, is denied.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion for summary judgment (#21) is DENIED.

DATED this 6th day of September, 2012.

_____
United States District Judge