1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8  DAVID V. GALLERON and DARLEEN          )
   GALLERON,                              )
9                                         )
            Plaintiffs,                   )
10                                        )          3:11-cv-730-RCJ-WGC
       v.                                 )
11                                        )          **ORDER**
                                          )
12  MANN MORTGAGE, LLC, et al.,           )
                                          )
13          Defendants.                   )
                                          )
14  _____      )

15        This is a foreclosure-avoidance suit brought by plaintiffs David and Darleen Galleron.

16  The plaintiffs' complaint listed nine causes of action. The Court previously granted in part

17  CitiMortgage, Inc.'s motion to dismiss (#9) as to claims (1), (2), (3), (4), (7), (8), and (9) and

18  denied in part the motion to dismiss claims (5), violation of NRS § 107.080, and (6), quiet title.

19  (Order (#20)). Currently before the Court is CitiMortgage, Inc.'s motion for summary judgment

20  (#21) on claims (5) and (6), which Cal-Western Reconveyance Corporation later joined.

21  (Joinder (#22)). For the reasons stated below, the motion for summary judgment (#21) is

22  DENIED.

23                            **BACKGROUND**

24        Plaintiffs David V. Galleron and Darleen Galleron (collectively "Plaintiffs") executed a

25  note secured by a deed of trust on a piece of property located at 11500 Campo Rico Lane,

26  Sparks, Nevada, which was recorded in Washoe County on January 25, 2008. (Deed of Trust

27  (#21-1) at 2-3, 5). The mortgage, dated January 23, 2008, was for $580,000.00. (*Id.* at 3). The

28  lender on the deed of trust was Mann Mortgage, LLC. (*Id.*). The trustee on the deed of trust

    was Stewart Title of Nevada. (*Id.*). Mortgage Electronic Registration Systems, Inc. ("MERS")

1 | was named as "a nominee for the Lender and Lender's successors and assigns" and claimed

2 | to be the beneficiary[1] under the security instrument. (*Id.*).

3 |      On June 28, 2011, MERS, as nominee for Mann Mortgage, executed an assignment

4 | of mortgage and transferred the mortgage to CitiMortgage, Inc. ("CMI"). (Assignment of

5 | Mortgage (#21-2) at 2-3).

6 |      On July 13, 2011, CMI executed and notarized a substitution of trustee that replaced

7 | Cal-Western Reconveyance Corporation (known herein as either "Cal-Western" or collectively

8 | with CMI as "Defendants") as the trustee for Stewart Title of Nevada. (Substitution of Trustee

9 | (#21-3) at 2-3).

10 |      On August 26, 2011, Todd Brachtenbach of First American Title ("First American")

11 | executed and recorded a notice of default and election to sell with the Washoe County

12 | Recorder's office. (Notice of Default (#21-5) at 7-8). The notice of default named Cal-Western

13 | as the substituted trustee and claimed that First American was acting as agent of Cal-

14 | Western. (*Id.*). The notice of default identified the breach of obligations as "[f]ailure to pay the

15 | monthly payment due March 1, 2011 of principal and interest and subsequent installments due

16 | thereafter; plus late charges; together with all subsequent sums advanced by beneficiary

17 | pursuant to the terms and conditions of said deed of trust." (*Id.* at 7).

18 |      In October 2011, CMI filed a petition for removal and attached Plaintiffs' 51-page

19 | complaint from the Second Judicial District. (Pet. for Removal (#1); Compl. (#1-2)). On

20 | October 26, 2011, CMI filed a motion to dismiss for failure to state a claim, later joined by Cal-

21 | Western, and on May 11, 2012 the Court dismissed claims (1), (2), (3), (4), (7), (8) and (9).

22 | (Mot. to Dismiss (#9); Joinder (#11); Order (#20)). Claim (5) for violation of NRS § 107.080

23 | and claim (6) for quiet title were retained because Defendants did not provide the Court

24 | documentation demonstrating that First American had the authority to act as Cal-Western's

25 | agent and execute the notice of default. (Order (#20) at 5-6).

26 |

27 |      [1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of

28 | trust. *See Gomez v. Countrywide Bank, FSB,* 2009 WL 3617650, at *2 (D. Nev. 2009).

1      CMI filed a motion for summary judgment on May 18, 2012, (Mot. for Summ. J. (#21)),

2  which Cal-Western later joined, (Joinder (#22)). In the motion for summary judgment, CMI

3  provided this Court an affidavit, signed by Lorrie Womack, Assistant Vice President of Cal-

4  Western, which claims that First American is an authorized agent to "record Notices of Default

5  and foreclosure documents in the State of Nevada on behalf of CAL-WESTERN

6  RECONVEYANCE CORPORATION . . . and begin the foreclosure process on the . . . Property

7  and Note." (Womack Aff. (#21-4) at 2). On June 9, 2012, Plaintiffs filed a response to the

8  motion for summary judgment. (Response (#24)). On June 22, 2012, Defendants filed a reply

9  to Plaintiffs' response (#24) to summary judgment. (Reply (#27)).

10     In determining Defendants' motion for summary judgment (#21), the Court considers

11  Plaintiffs' claims (5), violation of NRS § 107.080, and (6), quiet title.

**LEGAL STANDARD**

13     The purpose of summary judgment is to dispose of factually unsupported claims and

14  defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Under the Federal Rules of

15  Civil Procedure, summary judgment is appropriate when "the movant shows that there is no

16  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

17  law." Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit

18  under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

19  material fact is genuine if the evidence is such that a reasonable jury could return a verdict

20  for the nonmoving party. *See id.*

21     When presented with a motion for summary judgment, the court employs a burden-

22  shifting analysis. When the moving party would bear the burden of proof at trial, it must

23  present evidence "which would entitle it to a directed verdict if the evidence went

24  uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474,

25  480 (9th Cir. 2000) (citations omitted). In such circumstances, "the moving party has the initial

26  burden of establishing the absence of a genuine issue of fact on each issue material to its

27  case." *Id.* In contrast, when the nonmoving party bears the burden of proving the claim or

28  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to

1   negate an essential element of the nonmoving party's case; or (2) by demonstrating that the

2   nonmoving party failed to make a showing sufficient to establish an element essential to that

3   party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.,* 477

4   U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be

5   denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H.*

6   *Kress & Co.,* 398 U.S. 144, 159-60 (1970).

7       If the moving party meets its initial responsibility, the burden then shifts to the opposing

8   party to establish that a genuine issue as to any material fact actually does exist. *See*

9   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). To establish the

10  existence of a factual dispute, the opposing party need not establish a material issue of fact

11  conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require

12  a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.,*

13  *Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted).

14  In other words, the nonmoving party cannot avoid summary judgment by relying solely on

15  conclusory allegations that are unsupported by factual data. *See Taylor v. List,* 880 F.2d 1040,

16  1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations

17  of the pleadings and set forth specific facts by producing competent evidence that shows a

18  genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.,* 477 U.S. at 324.

19  When considering a summary judgment motion, a court may examine "materials in the record,

20  including depositions, documents, electronically stored information, affidavits or declarations,

21  stipulations (including those made for purposes of the motion only), admissions, interrogatory

22  answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

23      At summary judgment, the judge's function is not to weigh the evidence and determine

24  the truth but to determine whether there is a genuine issue for trial. *See Anderson,* 477 U.S.

25  at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to

26  be drawn in his favor." *Id.* at 255. But, if the evidence of the nonmoving party is merely

27  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-

28  50.

**DISCUSSION**

To demonstrate that First American had the authority to act as Cal-Western's agent and execute the notice of default, Defendants have presented an affidavit, signed by Lorrie Womack, Assistant Vice President of Cal-Western, in which she claims that First American is an agent of Cal-Western. (Womack Aff. (#21-4) at 2). No documentation has been provided establishing this agency relationship and Defendants solely rely on this affidavit to establish First American's authority.

The Womack affidavit alone is insufficient to establish that First American had authority to execute the notice of default. The Womack affidavit fails to provide any details regarding the alleged agency relationship, such as when the relationship started, whether it was nation-wide or limited to a specific geographic area, or whether it was written or oral. More importantly, the Womack affidavit fails to sufficiently describe the scope of First American's agency authority. The affidavit merely provides that First American had authority to record notices of default to initiate foreclosure, but nowhere does it provide that First American had the authority to actually execute the notice of default itself. As Defendants have failed to establish that First American had the authority to execute the notice of default, Defendants' motion for summary judgment on claims (5), violation of NRS § 107.080, and (6), quiet title, is denied.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' motion for summary judgment (#21) is DENIED.

DATED this 6th day of September, 2012.

_____
United States District Judge

5